# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>        Plaintiff,<br><br>v.<br><br>**KYMBERLI LAMBERT,**<br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:07CR925DAK |

      Defendant, Kymberli Lambert, has filed a motion for early termination of his supervised release. On October 27, 2008, this court sentenced Defendant to 37 months incarceration and a term of thirty-six months of supervised release. Defendant was placed on supervised release in August 2010. Therefore, she has completed approximately half her term of supervised release, which is scheduled to terminate in August 2013.

      Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), the court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The factors to be considered in Section 3553(a) are those factors to be considered in imposing a sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant," the applicable sentencing guidelines and any

policy statements issued by the Sentencing Commission, and the need for the sentence imposed to promote respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services. *See* 18 U.S.C. § 3553(a).

Defendant's letter to the court indicates that she has completed all the obligations of her probation and has not violated any of the restrictions. In addition, Defendant has remained steadily employed. Defendant's letter also reports that her family, friends, and coworkers are a good support network. She included several letters from family and employers explaining the successful manner in which Defendant is conducting her life. These representations indicate that Defendant is on the right path. The court also contacted Defendant's Probation Officer, Hugh Watt, who stated that based on Defendant's conduct during her term of supervised release, he believes early termination is appropriate. The court concludes that early termination of supervised release is warranted in this case. Accordingly, Defendant's motion for early termination of supervised release is GRANTED.

DATED this 16th day of March, 2010.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge